IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IDA G., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:17-cv-2804-G-BT |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ida G.[1] filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges that she is disabled due to a number of impairments, including anxiety, dyspnea on exertion, hypertensive disorder, lightheadedness, low back pain, morbid obesity, shoulder pain, seasonal allergies, claustrophobia,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

numbness in fingertips, constant headache, sciatica shooting pain, chest pain, obstructive sleep apnea, abdominal pain, neuropathy, and rectal bleeding that may have been corrected by colonoscopy. Pl.'s Br. 2 (ECF No. 18); Administrative Record 188-89, 620 ("A.R.") (ECF No. 15-1). After her applications for disability insurance benefits and supplemental security income were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing took place in Dallas, Texas, on August 15, 2016. A.R. 18. At the time of the hearing, Plaintiff was 45 years old. *See id.* 26. She has a high school education, can communicate in English, and has past work experience as a housekeeper and caring for children. *Id.* 27, 184-85. She also previously worked as a 9-1-1 operator. *Id.* 186.

The ALJ found that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits or supplemental security income. *Id.* 28. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff has not engaged in substantial gainful activity since February 10, 2014. *Id.* 20. At steps two and three, the ALJ found that Plaintiff had the severe impairments of lumbar degenerative

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

disease, obesity, depression, and anxiety, but that her impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* 20-21. At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work and determined that she could not perform her past work. *Id.* 22, 26-27. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as an order clerk, a document preparer, and a charge account clerk—jobs that exist in significant numbers in the national economy. *Id.* 27.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. *Id.* 5. Plaintiff then filed this action in federal district court, in which she argues the ALJ erred in finding her not disabled because: (1) she did not apply the appropriate standard in determining whether Plaintiff's impairments were "severe" at step two of the analysis; (2) the RFC is not based on substantial evidence; and (3) she did not analyze the consultative medical examiner's opinion using the factors under 20 C.F.R. § 404.1527(c) when "rejecting" it.

## Legal Standards

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

3

Plaintiff's appeal raises both issues. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

**Analysis**

The Court will address Plaintiff's arguments in the order she presents them. After reviewing the hearing decision and the administrative record, the Court finds that though the ALJ erred by not using the correct standard at step two, the error was harmless; the ALJ's RFC finding is supported by substantial evidence; and the ALJ did not err by failing to detail her analysis of the factors under 20 C.F.R. § 404.1527(c) when weighing the consultative medical examiner's opinion.

4

I.

Plaintiff first argues that the ALJ failed to apply the appropriate legal standard in deciding whether Plaintiff's impairments were "severe" at step two of the analysis. Specifically, Plaintiff contends that the ALJ did not cite or otherwise set forth the *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), definition of "severe." The Court agrees.

Step two of the Secretary's sequential analysis "requires that the factfinder decide whether the claimant's impairment is 'severe,' irrespective of age, education and work experience." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). In the Fifth Circuit, an "'impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Stone*, 752 F.2d at 1101 (brackets in original) (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984) (per curiam); citing *Martin v. Heckler,* 748 F.2d 1027, 1032 (5th Cir. 1984); *Davis v. Heckler,* 748 F.2d 293, 296 (5th Cir. 1984) (per curiam)). A reviewing court should "assume that the ALJ . . . applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to . . . [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit] give[s] to 20 C.F.R. § 404.1520(c) is used." *Id.* at 1106. Nevertheless, "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Remand is only required "where there is no

5

indication the ALJ applied the correct standard." *Id.* The Commissioner may overcome the presumption that the ALJ applied an incorrect severity standard by showing that, though not explicitly stated, the ALJ applied the correct legal standard or by demonstrating that the ALJ's application of an improper standard was harmless. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam) ("Although the ALJ did not identify the specific applicable legal standard, we agree with the magistrate judge that the ALJ nevertheless applied the proper standard. While it is true that the ALJ never cited to *Stone . . .* , which provides the appropriate legal standard for determining the severity of the disability, procedural perfection is not required unless it affects the substantial rights of a party.") (citing *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)); *see also Taylor v. Astrue*, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *adopted by* 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011) (citing *Cook v. Astrue*, 2010 WL 4628732 at *3 (N.D. Tex. Nov. 15, 2010); *Vaughn v. Astrue*, 2009 WL 3874607 at *5 (N.D. Tex. Nov. 17, 2009)).

The ALJ did not cite *Stone* in her decision. Rather, the hearing decision's applicable law section states, "[a]n impairment is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities"; the decision further states that an impairment is "'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." A.R. 19. The severity standard the ALJ recites comes

6

from 20 C.F.R. §§ 404.1520(c) and 416.920(c)[3], which the *Stone* court rejected as inconsistent with the Social Security Act. *Stone*, 752 F.2d at 1104-05; *see also Anthony*, 954 F.2d at 293 (citing *Stone*, 752 F.2d at 1104) ("[T]his Court evaluated the Secretary's severity regulation, and determined that it was inconsistent with the statutory language and the legislative history of the Act."); *Craaybeek v. Astrue*, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (citing *Charlton v. Astrue,* 2010 WL 3385002 at *6 (N.D. Tex. July 14, 2010), *adopted by* 2010 WL 3385000 (N.D. Tex. Aug. 26, 2010); *Ruby v. Astrue*, 2009 WL 4858060 at *8 (N.D. Tex. Dec. 14, 2009) ("The 'minimal effect' standard is also wholly inconsistent with *Stone*.")). The *Stone* standard requires a finding of "severe" if the impairment interferes with an individual's ability to work at all. *Stephanie Z. v. Berryhill*, 2018 WL 4467470, at *3 (N.D. Tex. Sept. 18, 2018) (citing *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris v. Astrue*, 2012 WL 4468185, at *5 (N.D. Tex. Sept. 4, 2012), *adopted by* 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012)). Accordingly, the ALJ erred by applying the incorrect legal standard to the severity requirement.

Even under the incorrect standard, however, the ALJ found that Plaintiff has the severe impairments of lumbar degenerative disc disease, hypertension, obesity, depression, and anxiety because they "limit or restrict more than minimally the

---

[3] 20 C.F.R. § 404.1520(c) provides, "You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 416.920(c) includes the same language.

ability to perform basic work activities." A.R. 20. Nevertheless, Plaintiff argues that she was prejudiced by the ALJ's failure to use the *Stone* standard since it "resulted in the omission of consideration of many of [Plaintiff's] impairments." Pl's Reply 1 (ECF No. 20); Pl.'s Br. 13-14. Plaintiff only attempts to show, however, that had the ALJ considered "[Plaintiff's] neuropathy and dyspnea on exertion," specifically, she would have arrived at a different RFC. Pl.'s Reply 1-4. Because it is Plaintiff's burden to demonstrate her disability and, therefore, that she was prejudiced by the ALJ's *Stone* error, the Court limits its consideration to these two conditions that Plaintiff raises. *See Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir. 1983) (per curiam) (citation omitted) ("It must be remembered that an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability.").

Plaintiff asserts that "[a] *Stone* error is harmless if the ALJ, in the sequential steps beyond step 2, considers the effects of impairments the ALJ rejects at step 2 as being severe"; she contends that, here, the ALJ did not consider Plaintiff's neuropathy, as diagnosed by Dr. Paul Patrick, in the remaining steps, resulting in harmful error. Pl.'s Reply. 3 (citing *Jones v. Astrue*, 821 F. Supp. 2d 842, 850 (N.D. Tex. 2011) ("Even in those cases where the ALJ does not explicitly find an impairment to be severe, a *Stone* error is not reversible if the ALJ proceeded beyond the second step of the five-step sequential analysis in analyzing the claimant's impairments, thereby allowing the district court to infer that the ALJ did find the impairment severe.")). In this case, the Court finds that the ALJ's error

8

was harmless because she did consider Plaintiff's neuropathy diagnosis in the remaining steps and explained her reasons for rejecting particular portions of Dr. Patrick's RFC. *See* A.R. 25. The Court affirms that if a *Stone* error is harmless, it is not reversible since "procedural perfection is not required, and an adjudication of the Commissioner is not to be vacated unless a substantial right of the claimant has been adversely affected," for "the major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Jones v. Astrue*, 851 F. Supp. 2d 1010, 1015 (N.D. Tex. 2012) (brackets and internal quotation marks omitted) (citing *Mays,* 837 F.2d at 1364; *Carter v. Massey-Ferguson, Inc.,* 716 F.2d 344, 349 (5th Cir. 1983); *Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519-20 (5th Cir. Unit A Jan. 1981)); *Taylor*, 706 F.3d at 603. In developing Plaintiff's RFC, the ALJ considered "all symptoms" and the extent to which they could "reasonably be accepted as consistent with the objective medical evidence and other evidence," as required by 20 C.F.R. §§ 404.1545 and 416.945. A.R. 22. Accordingly, she found that Plaintiff has the RFC to:

> lift and or carry 10 pounds occasionally and less than 10 pounds frequently. She can stand and or walk for about two hours and sit for about six hours in an eight-hour workday with normal breaks. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch. She can never crawl. She must avoid exposure to hazards such as unprotected heights and unguarded moving machinery. She cannot perform commercial driving. She is limited mentally to performing simple, routine tasks and making simple decisions in an environment that involves few, if any, workplace

> changes. Interaction with supervisors, coworkers, and the public is limited to occasional.

A.R. 22. In accounting for all of Plaintiff's symptoms to arrive at her RFC, the ALJ considered Dr. Patrick's May 5, 2015 consultative examination of Plaintiff assessing her chronic lumbar pain with history of sciatica and degenerative disc disease, hypertension, neuropathy, BMI of over 54, and history of anxiety and depression. A.R. 25; 608-16. The ALJ acknowledged that Dr. Patrick found that Plaintiff "would be limited to sitting for a short period of time of 10 minutes or less, standing for a short period of 10-15 minutes, and walking a short distance of 1/2 block." *Id.* 25, 609, 613. He also reported Plaintiff "was able to lift 10 pounds one time," "had degenerative changes in the hips," and "pain and limited motion in the shoulders" with "reduced grip strength." *Id.* 25, 609, 611, 614. The ALJ gave "the limitations reported by Dr. Patrick some weight but [found] his limitations on [Plaintiff's] sitting and standing . . . not entirely supported by her treatment history." *Id.* 25. In support of her finding, the ALJ explains that Dr. Patrick's examination revealed no limitations in the neck, lungs, or heart and that she had a slow slightly antalgic gait, limited ability to squat and tandem walk, inability to heel and toe walk, tenderness to palpation in the lumbar spine, and decreased sensation below both knees. *Id.* The ALJ determined that these findings were inconsistent with Plaintiff's daily activities, which include caring for her grandchildren, shopping for two to four hours three times per week, and driving. *Id.* 25; *see e.g., id.* 400-03, 642, 650. Accordingly, the ALJ gave Dr. Patrick's

10

consultative evaluation "some weight" in developing Plaintiff's RFC. Because at this later step, the ALJ considered Dr. Patrick's opinion, diagnosing Plaintiff with neuropathy, and even gave it some weight, the Court finds her *Stone* error harmless with respect to Plaintiff's neuropathy.

Further, the ALJ did not reject Dr. Patrick's findings with respect to Plaintiff's inability to walk more than a short distance, as reflected by the ALJ's determination that Plaintiff was capable of a limited range of sedentary work. Accordingly, though the ALJ may not have explicitly cited Plaintiff's dyspnea on exertion as a severe condition, the Court finds that it is accounted for in the ALJ's RFC determination. Had the ALJ utilized the *Stone* standard and found Plaintiff's neuropathy and dyspnea on exertion to be severe impairments, the Court determines that the ALJ would ultimately have reached the same conclusion when she arrived at steps four and five. Therefore, the ALJ's *Stone* error was harmless.

II.

Plaintiff further argues that remand is appropriate because the ALJ's RFC is not based on substantial evidence. Pl.'s Br. 17-18. Specifically, Plaintiff asserts that the only medical evidence supporting the ALJ's RFC includes the opinions of Dr. James Wright and Dr. Lee Wallace—both non-examining physicians. Pl.'s Br. 18. Plaintiff maintains that non-examining doctors' reports alone do not constitute substantial evidence. *Id.* (citing *Strickland v. Harris*, 615 F.2d 1103, 1109 (5th Cir. 1980)). The Court concludes that the ALJ's RFC is supported by substantial evidence.

11

Courts may review Social Security disability cases to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole. *Copeland*, 771 F.3d at 923. However, "'[t]he role of the courts in this quintessentially administrative process is extremely narrow and the Commissioner's decision is entitled to great deference.'" *Jones*, 851 F. Supp. 2d. at 1015 (quoting *Leggett,* 67 F.3d at 564; *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir. 1975)). "If supported by substantial evidence, the Commissioner's findings are deemed conclusive, and the court must accept them." *Id.* (citing *Richardson,* 402 U.S. at 390). Substantial evidence in this context, "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Plaintiff is correct that the report of a physician who has not seen a claimant cannot "alone . . . be substantial evidence on which to base an administrative decision," though "a written report by a licensed physician who has examined a claimant can constitute substantial evidence on which to support an administrative decision to deny social security benefits." *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980) (per curiam) (citing *Richardson*, 402 U.S. at 402).

Here, the Court finds the ALJ's RFC finding is supported by substantial evidence. Plaintiff incorrectly states that the only medical evidence supporting the ALJ's RFC includes the opinions of Dr. Wright and Dr. Wallace since the ALJ gave "some weight" to the limitations reported by examining physician Dr. Patrick. A.R. 25. The ALJ did not reject Dr. Patrick's opinion wholesale, rather she found the limitations regarding Plaintiff's ability to sit or stand inconsistent with her

treatment history. *Id.* In addition to those portions of Dr. Patrick's opinion that the ALJ gave some weight, she also gave "some weight" to the state agency physicians' opinions, who noted that Plaintiff was not fully compliant with her medications and treatment. A.R. 25-26, 213-14, 226, 244, 260. The ALJ further noted that the consultative examining physician's opinion—Dr. Patrick's—supported the state agency opinions and that lack of compliance with treatment "suggests that impairments are not as debilitating as alleged." *Id.* 26; *see id.* 213-14, 226, 244, 260. The ALJ also found that Plaintiff's daily activities of caring for four children under the age of 18 in her home also supports that suggestion. *Id.*; *see id.* 400-03, 642, 650. Accordingly, the Court finds that the ALJ's RFC finding is not based only on the opinions of non-examining physicians but on "the objective clinical findings, treatment history, and to an extent the opinion of the consultative medical examiner and the State Agency medical consultants." *Id.* 26. Therefore, the Court determines that the ALJ's RFC is supported by substantial evidence.

### III.

Last, Plaintiff argues that the ALJ erred by not considering the factors under 20 C.F.R. § 404.1527(c) in "reject[ing] Dr. Patrick's RFC." Pl.'s Br. 18. The Court disagrees.

With respect to claims filed before March 27, 2017, the ALJ must evaluate medical opinion evidence in the manner prescribed by 20 C.F.R. § 404.1527. Unless controlling weight is given to a treating source's opinion per § 404.1572(c)(2), an ALJ is to consider the following factors in determining the

13

weight to give to "any medical opinion": (1) the physician's examining relationship; (2) the nature and extent of the treatment relationship: length of treatment and frequency of examination; (3) the support a medical source presents for its opinion, in terms of objective evidence and explanation; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician; and (6) other factors, including a medical source's amount of understanding of "our disability programs and their evidentiary requirements." *Id.* § 404.1572(c). "A treating source's medical opinion is entitled to controlling weight if it is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with' other substantial evidence." *Bentley v. Colvin*, 2015 WL 5836029, at *7 (N.D. Tex. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1572(c)(2), 416.927(c)(2); citing *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000)). Medical sources other than treating sources do not carry the same "considerable weight," but they still must be considered. *See Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008) (per curiam) ("Wong performed a one-time consultative examination of Robinson and therefore is not due special deference as a treating physician."); *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) ("[T]he regulations make clear that opinions from examining physicians must be considered.").

The Court finds that the ALJ did not err by not specifically reciting the factors under 20 C.F.R. § 404.1527(c). Plaintiff correctly asserts that "'absent reliable medical evidence from a treating or examining physician controverting the

14

claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2).'" *Kneeland*, 850 F.3d at 760 (emphasis in original) (quoting *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)) (noting that the regulation currently appears at 20 C.F.R. § 404.1527(c)(2)); Pl.'s Br. 20. *Kneeland* further counsels that "the regulations make clear that opinions from examining physicians must be considered" and that "fundamentally, the ALJ cannot reject a medical opinion without explanation." *Kneeland*, 850 F.3d at 760 (citing 20 C.F.R. § 404.1527(c)(1); *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979)) (internal quotation marks and brackets omitted). *Kneeland* does not, however, hold that it requires the same analysis when weighing examining physicians' opinions as it does when rejecting treating physicians' opinions. *See id.* Here, Dr. Patrick is an examining and not a treating physician; moreover, the ALJ did not reject Dr. Patrick's assessment. Instead, she afforded it "some weight" and explained that she did not credit his findings with respect to Plaintiff's limitations to sit and stand because they were inconsistent with her treatment history, as previously discussed. A.R. 25. Thus, though § 404.1527(c)'s factors are to be considered in determining the weight to assign "any medical opinion," the ALJ was not required to recite them and detail her findings with respect to each as in the analysis required when rejecting a treating physician's opinion. In this case, the ALJ considered Dr. Patrick's opinion and explained her reasoning for rejecting

15

part of it, in compliance with the requirements for weighing examining physicians' opinions. Accordingly, the Court finds that the ALJ did not err by failing to detail her analysis of § 404.1527(c)'s factors when determining the weight to assign Dr. Patrick's opinion.

## Conclusion

The ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the hearing decision should be AFFIRMED in all respects.

Signed March 10, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).